O'NEAL v. BOARD OF COMMISSIONERS OF THE PORT OF N. O.

(July 2, 1928. Opinion and Decree.)

F. B. Smith, of New Orleans, attorney for plaintiff, appellant.

A. B. Hammond, of New Orleans, attorney for defendant, appellee.

JONES, J. This is a suit brought by David D. O'Neal, under the Workmen's Compensation Law, for compensation for 264 weeks for injuries sustained on the 6th day of December, 1922, while he was employed by the Board of Commissioners for the Port of New Orleans, at its Public Cotton Warehouse. Compensation was paid him by the defendant and appellee for 36 weeks from December 6, 1922, up to and including August 19, 1923, at which date the plaintiff was ordered to return to work and compensation ceased.

This suit was filed by the plaintiff against the Board on April 16, 1925, at a date more than one year after final payment of compensation by the Board, and in fact nearly two years thereafter.

The defendant filed a plea of prescription of one year on April 27, 1925.

On October 16, 1925, plaintiff filed a supplemental petition, wherein he alleged that he had received compensation up to and including August 19, 1923, that since then compensation had been refused, but he had written Judge Boatner, of the Civil District Court, on July 23, 1924, August 19, 1924, and September 23, 1924, relative to compensation and in keeping with Section 18 of the Workmen's Compensation Law.

On trial of this cause before Judge Cage the plea of prescription was sustained and the cause dismissed.

In this Court appellant has made no appearance and filed no brief.

Section 31 of Act 20 of 1914 reads as follows:

"Be it further enacted, etc., That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the injury or death the parties shall have agreed upon the payments to be made under this act, or unless within one year after the injury, proceedings have been begun as provided in Sections 17 and 18 of this act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time making the last payment."

Plaintiff wrote to Judge Boatner on July 23, 1924, relative to his claim for compensation and he argued the effect of this letter was to interrupt prescription.

Section 18 of Act 20 of 1914, as amended by Acts 234 and 247 of 1920, provides that in case of a failure of an employee and employer to reach an agreement, then either party or the dependents of the employee may present a verified complaint to the Judge of the court which would have jurisdiction in the civil case, setting forth the names and the facts. In other words, file a petition as is done in the ordinary civil cases in this State.

There is no indication or suggestion that an ordinary letter, which is not even verified, would answer the same purpose, nor is there any suggestion that such an ordinary letter would interrupt prescription.

For above reasons the judgment is affirmed.